IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MEKEALOHAPUMEHANA HOWARD, | ) | CV 20-00487 HG-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER REMANDING CASE**

On November 12, 2020, Mekealohapumehana Howard ("Howard"), proceeding pro se, removed a pending state court criminal prosecution, State v. Mekealohapumehana Howard, 5DCW-20-000529, from the District Court of the Fifth Circuit, State of Hawaii, pursuant to 28 U.S.C. §§ 1331 and 1455.

This action is summarily **REMANDED** to the District Court of the Fifth Circuit, State of Hawaii.

**STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and federal statutes. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Removal statutes are strictly construed and a party seeking removal has the burden to establish that removal is proper. Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A., 761 F.3d 1027, 1034 (9th Cir. 2014). Any doubt as to the propriety of removal is resolved against removability. Id.

1

## ANALYSIS

A state criminal prosecution may be removed to federal court under very narrow and limited circumstances as set forth in 28 U.S.C. §§ 1442-43.  When a state court criminal prosecution is removed, the Court must "examine the notice promptly" upon its filing and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1455(b)(4).

Section 1442 authorizes removal of a criminal prosecution commenced in state court against federal officers for acts done in furtherance of their official duties, and Section 1442a applies to prosecutions of members of the armed forces.

There are no facts to establish that either circumstance is applicable to the case removed by Howard.  Hawaii v. Thronas-Kahoonei, 19-cv-00683 JAO-KJM, 2020 WL 118251, *2 (D. Haw. Jan. 10, 2020); Morgan v. Washington, 212 Fed. Appx. 606, 608 (9th Cir. 2006).

In addition, a criminal defendant may remove a criminal prosecution to federal court if he establishes that his defense to the state prosecution is based on federal laws protecting racial equality, and by establishing that the state law will not enforce that specified federal right.  28 U.S.C. § 1443; see Georgia v. Rachel, 384 U.S. 780, 792 (1966).

Howard has not established a basis for removal pursuant to 28 U.S.C. § 1443.  See Idaho v. Oelker, 2020 WL 6081885, *1 (D.

Idaho Oct. 15, 2020); California v. Dawodu, 122 Fed. Appx. 884, 885 (9th Cir. 2004).

Howard has failed to establish a valid basis for removal of the Hawaii state court criminal proceeding.  Summary remand is warranted pursuant to 28 U.S.C. § 1455(b)(4).

On November 12, 2020, Howard filed an Application To Proceed In District Court Without Prepayment Of Fees (ECF No. 2), which was reviewed by the Magistrate Judge.  On December 17, 2020, the Magistrate Judge issued a Findings and Recommendation (ECF No. 5) as to the Application.  No party objected to the Findings and Recommendation.  The Court does not adopt the Findings and Recommendation as the issue is moot given the determination that the matter must be remanded.

## CONCLUSION

The case is **REMANDED** to the District Court of the Fifth Circuit, State of Hawaii for further proceedings.

The December 17, 2020 Findings and Recommendation (ECF No. 5) is **MOOT** as the matter is remanded to the state court.

The Clerk of Court is directed to transfer this case and all files herein to the District Court of the Fifth Circuit, State of Hawaii.

IT IS SO ORDERED.

DATED: January 21, 2021, Honolulu, Hawaii.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

Mekealohapumehana Howard v. State of Hawaii, Civ. No. 20-00487 HG-KJM; **ORDER REMANDING CASE**     3